[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 142.]

OFFICE OF DISCIPLINARY COUNSEL *v.* WILLIS.

[Cite as *Disciplinary Counsel v. Willis*, 2002-Ohio-3614.]

*Attorneys at law—Misconduct—Public reprimand—Aiding a nonlawyer in the unauthorized practice of law by permitting a disbarred attorney employed by respondent to act as if he were licensed during depositions, at a pretrial conference, and with clients.*

(No. 2001-2233—Submitted May 8, 2002—Decided July 31, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-38.

————————————

**Per Curiam.**

{¶1} We must decide whether an attorney who permitted a disbarred attorney in his employ to act as if he were licensed during depositions, at a pretrial conference, and with clients should be disciplined for professional misconduct. The Board of Commissioners on Grievances and Discipline of the Supreme Court recommended that respondent, James R. Willis of Cleveland, Ohio, Attorney Registration No. 0032463, be publicly reprimanded for this conduct after finding that he violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice) and 3-101(A) (aiding a nonlawyer in the unauthorized practice of law). We agree that a public reprimand is appropriate.

{¶2} From June 16, 1998, until December 1, 1999, respondent employed Bruce Andrew Brown to assist him in his law practice. Respondent hired Brown, who was disbarred in 1992 by the Supreme Court of New York and had a history of felony convictions, after he secured Brown's early release from a 20-year prison sentence for grand theft. Respondent offered Brown a job because he wanted to

give Brown a second chance and because he was suffering health problems that were impinging on his law practice.

{¶3} Whether it was because of the demands made upon him by his health, his practice, or a combination of both, respondent sometimes relied too heavily on Brown's assistance. He allowed Brown to attend depositions without clarifying to other counsel that Brown was not an attorney at law. At one such deposition, respondent did not even accompany Brown, leaving his supervision to a co-counsel, and Brown interjected objections during the deponent's questioning even though he was not the licensed representative of respondent's law firm or its client. During the course of the same litigation, respondent also allowed Brown to appear by himself at a pretrial conference at which Brown urged the court not to grant a motion to compel discovery.

{¶4} In a separate instance, respondent virtually abandoned two clients to Brown's authority. In 1998, a married couple consulted respondent about initiating an action against an automobile dealership. Respondent turned the couple over to Brown, explaining that "he had just the man, to talk to." Respondent never mentioned that Brown was not licensed to practice law.

{¶5} Brown immediately interviewed the couple and thereafter became their primary, if not only, contact with respondent's law firm. Brown solicited their paperwork, he explained a delay caused apparently by his having filed the action in the wrong county, and he demanded payment for fees. The couple naturally assumed that Brown represented them. In fact, when they ultimately became dissatisfied with his services, the couple instructed Brown in writing to withdraw as their attorney and filed a request with the Cleveland Bar Association for resolution of a fee dispute with Brown.

{¶6} On April 9, 2001, relator, Disciplinary Counsel, filed a complaint with the board charging that respondent had violated the Code of Professional Responsibility. The board heard the cause through a panel of three of its members

and found the facts as stated. The board concluded that respondent had aided a nonlawyer in the unauthorized practice of law and thereby acted contrary to the administration of justice, both in violation of the cited Disciplinary Rules. In recommending a penalty, the board considered respondent's established reputation in the field of criminal defense, his health problems, the lack of prior disciplinary infractions, and his attempts, albeit without complete success, to set the necessary guidelines for Brown's performance. The board then unanimously recommended that respondent be publicly reprimanded for his misconduct.

{¶7} We concur in the board's findings, conclusions, and recommendation. Ohio attorneys have a duty to ensure that their employees do not engage in the unauthorized practice of law. And if there is any doubt as to an employee's professional qualifications, an attorney licensed in Ohio must disclose the employee's limited authority in order to prevent the perception of professional competence where none exists. *Disciplinary Counsel v. Pavlik* (2000), 89 Ohio St.3d 458, 461-467, 732 N.E.2d 985.

{¶8} Respondent breached these duties and violated DR 1-102(A)(5) and 3-101(A). Brown's appearances at depositions and a pretrial conference and his client consultation most certainly constituted the practice of law. *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 193 N.E. 650. And Brown had these opportunities because respondent facilitated and failed to adequately limit, through supervision and disclosure, his activities as an unlicensed former attorney in respondent's employ. The appropriate penalty for this misconduct in light of the mitigating evidence relied on by the board is a public reprimand. Respondent is therefore publicly reprimanded for having violated DR 1-102(A)(5) and 3-101(A). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Steven Walker, for respondent.

_____