COLUMBUS BAR ASSOCIATION *v.* DUGAN.

[Cite as *Columbus Bar Assn. v. Dugan,* 113
Ohio St.3d 370, 2007-Ohio-2077.]

(No. 2006–2335—Submitted February 14, 2007—Decided May 16, 2007.)

**Per Curiam.**

{¶ 1} This court admitted respondent, Vincent A. Dugan Jr. of Columbus, Ohio, Attorney Registration No. 0025982, to the practice of law in Ohio in 1983. The Board of Commissioners on Grievances and Discipline now recommends that we publicly reprimand respondent for violating Gov.Bar R. V(8)(G)(1) (requiring a lawyer who employs a lawyer with a suspended license to register the employment with Disciplinary Counsel), 2–101(A)(1) (prohibiting a lawyer from publicizing the lawyer's services with false, misleading, or self-laudatory statements), and 2–101(A)(5) (prohibiting a lawyer from publicizing the lawyer's services as discounted). On review, we find that respondent committed this misconduct and that a public reprimand is appropriate.

Misconduct

{¶ 2} Relator, Columbus Bar Association, charged the violations of Gov.Bar R. V(8)(G)(1) and DR 2–101(A)(1) and (5) in an amended complaint containing two counts. A three-member panel of board members heard the cause and afterward dismissed for insufficient evidence the many other Disciplinary Rule violations that relator had also charged in these two counts.

*Count I*

{¶ 3} Respondent violated Gov.Bar R. V(8)(G)(1) by neglecting to notify Disciplinary Counsel that he had hired Jacqueline Tullos Johnson in February 2004, after her license to practice was indefinitely suspended.[1] Johnson worked as a paralegal for respondent, who charged clients $175 per hour for her services.

---

1. We indefinitely suspended Johnson from the practice of law on November 12, 2003, *Disciplinary Counsel v. Johnson,* 100 Ohio St.3d 291, 2003-Ohio-5753, 798 N.E.2d 604, and disbarred her on

{¶ 4} Respondent neglected to register Johnson's employment because he did not realize his obligation to do so under Gov.Bar R. V(8)(G)(1), which provides:

{¶ 5} "A suspended attorney may be employed by another attorney during the term of suspension, provided the employment of the suspended attorney does not involve the practice of law. The suspended attorney and employing attorney shall register the employment with the Disciplinary Counsel on a form prescribed by the Disciplinary Counsel that includes all of the following:

{¶ 6} "(a) A statement that the suspended attorney will not perform work in the course of his or her employment that constitutes the practice of law;

{¶ 7} "(b) A statement that the employing attorney will supervise and be responsible for the work of the suspended attorney to ensure that the suspended attorney does not engage in the practice of law;

{¶ 8} "(c) Any other information considered necessary by the Disciplinary Counsel."

## Count II

{¶ 9} Respondent violated DR 2–101(A)(1) and (5) by publicizing his services on a website that contained a misleading and self-laudatory claim and a coupon for a discount. Respondent's website claimed:

{¶ 10} "Vincent A. Dugan, Jr. is an experienced attorney in family law matters, including marital cases, custody cases, adoption cases, and any other matter involving the family dynamic. Providing legal advice as a certified specialist in family relations, *he's the most qualified lawyer in* Ohio to take on your case. You can also trust our firm with anything from traffic violation court appearances to juvenile court trials." (Emphasis added.)

{¶ 11} Other pages of respondent's website included a coupon stating, "Print this coupon to receive 10% off your first consultation fee."

{¶ 12} Respondent was not aware that these things were on his website until relator inquired about them, and he removed the offending claim and the coupon immediately afterward. Respondent explained to the hearing panel that he had paid a company to construct the website, and then, without consulting him, one of his secretaries changed the website to include the offending claim and the coupon. The offending claim and the coupon had been on the website for roughly six months before relator discovered them, and no evidence suggested that the website claim misled or that the offered discount influenced any prospective client.

December 15, 2004, *Disciplinary Counsel v. Johnson*, 104 Ohio St.3d 313, 2004-Ohio-6555, 819 N.E.2d 674.

## Sanction

{¶ 13} To determine the appropriate sanction for respondent's misconduct, we consider his background and the mitigating and aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 14} Since his admission to the Ohio bar, respondent has practiced almost exclusively in domestic-relations law. He is certified by the Ohio State Bar Association as a domestic-relations-law specialist.

{¶ 15} Of the specified mitigating factors, respondent's lack of a prior disciplinary record, lack of any dishonest or selfish motive, and prompt remedial response weigh in favor of a lenient sanction. BCGD Proc.Reg. 10(B)(2)(a), (b), and (c). Respondent also cooperated completely with the disciplinary proceedings, and he has an outstanding reputation in his field. BCGD Proc.Reg. 10(B)(2)(d) and (e). We find that no aggravating factors apply.

{¶ 16} Before the hearing panel unanimously dismissed most of the other charges of misconduct against respondent, relator advocated a suspension with all or part of the suspension stayed. Respondent asked the panel to dismiss all counts, including the website violations and his failure to register with Disciplinary Counsel the fact that he had hired a suspended attorney. Respondent alternatively proposed a public reprimand, which is the sanction the panel and board both recommended.

{¶ 17} The parties have not filed objections to the board's report, and we conclude that a public reprimand is appropriate. We therefore publicly reprimand respondent for his violations of Gov.Bar R. V(8)(G)(1) and DR 2–101(A)(1) and (5). Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., Pfeifer, Lundberg Stratton, O'Connor, O'Donnell, Lanzinger and Cupp, JJ., concur.

---

Michael J. Hardesty; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., Geoffrey Stern, Christopher J. Weber, and Rasheeda Z. Khan, for respondent.