**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Brand*, **Slip Opinion No. 2021-Ohio-2122.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2122

CINCINNATI BAR ASSOCIATION *v*. BRAND.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Brand*, Slip Opinion No. 2021-Ohio-2122.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Failing to register an employment relationship with a suspended attorney with disciplinary counsel or to obtain acknowledgement of the relationship from disciplinary counsel before it began—Failing to notify a client that the disqualified attorney will work on the client's case—Public reprimand.*

(No. 2021-0210—Submitted March 31, 2021—Decided June 29, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-035.

_____

**Per Curiam.**

{¶ 1} Respondent, Jack Irwin Brand, of Cincinnati, Ohio, Attorney Registration No. 0033095, was admitted to the practice of law in Ohio in 1986.

{¶ 2} In a July 3, 2019 complaint, relator, Cincinnati Bar Association, alleged that Brand committed several ethical violations related to his employment of a suspended attorney. The parties submitted comprehensive stipulations of fact, misconduct, and aggravating and mitigating factors, though they did not agree on a sanction.

{¶ 3} After a hearing, a three-member panel of the Board of Professional Conduct issued a report in which it (1) found that Brand committed three of the stipulated rule violations, (2) rejected a fourth stipulated violation that had not been charged in the complaint, and (3) unanimously dismissed another alleged violation on relator's motion. The panel recommended that Brand be publicly reprimanded for his misconduct. The board adopted the panel's report in its entirety, and no objections have been filed.

{¶ 4} After reviewing the record in this case, we adopt the board's findings of misconduct and recommended sanction, and we publicly reprimand Brand for the misconduct described herein.

**Facts and Misconduct**

{¶ 5} Although Brand has been licensed to practice law in Ohio since 1986, his construction business has been his primary source of income since that time. He has, however, provided occasional legal services to his family members.

{¶ 6} From approximately October 2017 until September 2019, Brand represented his two daughters and a son-in-law in various personal-injury and medical-malpractice cases. Due to the complexity of those cases and the volume of the associated medical records, beginning in 2017, Brand entered into an informal arrangement with Rodger Moore, an Ohio attorney who was then suspended from the practice of law, to assist him.[1] *See Cincinnati Bar Assn. v. Moore*, 143 Ohio St.3d 252, 2015-Ohio-2488, 36 N.E.3d 171.

---

1. Moore would have been eligible to seek reinstatement to the practice of law around that time, but another disciplinary action was pending against him and he never applied for reinstatement.

**{¶ 7}** Although Brand knew about Moore's suspension, he did not review the Rules for the Government of the Bar in Ohio before entering into a working relationship with him. Brand did not register his relationship with Moore with the Office of Disciplinary Counsel on the prescribed form, as required by Gov.Bar R. V(23)(C) (requiring a lawyer seeking to enter into an employment, contractual, or consulting relationship with a disqualified or suspended attorney to register that relationship with the Office of Disciplinary Counsel). Consequently, Brand engaged in the working relationship with Moore without receiving a written acknowledgment from disciplinary counsel stating that the relationship could commence, as required by Gov.Bar R. V(23)(D) (requiring the lawyer entering into an employment, contractual, or consulting relationship with a disqualified or suspended attorney to receive written acknowledgment of the relationship from the Office of Disciplinary Counsel before the relationship commences). Even though Brand told his daughters and son-in-law that Moore's law license had been suspended—and later informed them when Moore was disbarred[2]—he never provided that notice to them in writing as required by Gov.Bar R. V(23)(F) (requiring an attorney to provide advance written notice to a client that a disqualified or suspended attorney will perform work or provide services on the client's case).

**{¶ 8}** Brand directly supervised Moore's work and activities, which the parties stipulated consisted of services routinely performed by law clerks and paralegals. Moore provided those services for several months without compensation, but as the workload increased, Brand began to pay him at a rate of $150 per hour—though they never entered into a formal agreement regarding compensation. From June 1, 2018, through August 7, 2019, Moore worked approximately 960 hours, for which Brand paid him more than $138,000 and reimbursed more than $2,800 in expenses.

---

2. *See Cincinnati Bar Assn. v. Moore*, 157 Ohio St.3d 24, 2019-Ohio-2063, 131 N.E.3d 24.

{¶ 9} Even after relator informed Brand of his obligations under Gov.Bar R. V(23) in March 2019, Brand continued his working relationship with Moore for an additional six months without completing the proper registration, receiving the required authorization, or providing written notice of Moore's status as a suspended attorney to his family members.

{¶ 10} Brand never billed his family members for any of the legal services he provided or for the expenses he incurred in handling their cases—including the cost of Moore's services. After he suffered a serious medical event while in court on one of those cases, Brand ended his working relationship with Moore, withdrew from the representations, and arranged for his family to retain new counsel.

{¶ 11} On these facts, the board found that Brand violated Gov.Bar R. V(23)(C), (D), and (F). We adopt these findings of misconduct.

**Sanction**

{¶ 12} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 13} The only aggravating factor present in this case is that Brand engaged in multiple violations of Gov.Bar R. V(23) that he failed to rectify even after relator brought his misconduct to his attention. *See* Gov.Bar R. V(13)(B)(4). As for mitigating factors, Brand had no prior discipline, did not act with a dishonest or selfish motive, made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings, and submitted evidence of his good character and reputation. Gov.Bar R. V(13)(C)(1), (2), (4), and (5). The board also noted that his testimony before the panel was credible and that he accepted full responsibility for his conduct and displayed genuine remorse.

{¶ 14} Although the parties did not stipulate to a sanction, Brand argued that his conduct justified the imposition of no more than a public reprimand. The board agreed, and in support of that sanction, cited three cases in which we have publicly reprimanded attorneys whose misconduct was even more egregious than Brand's. In one of those cases, we publicly reprimanded an attorney who, in addition to failing to register her employment of a suspended attorney, failed to adequately supervise nonlawyer staff members who had exceeded their authority, neglected an entrusted legal matter, and charged a clearly excessive fee. *See Columbus Bar Assn. v. Gaba*, 98 Ohio St.3d 351, 2003-Ohio-1012, 785 N.E.2d 437. In the second case, we publicly reprimanded an attorney who allowed a disbarred attorney in his employ to act as if he were a licensed attorney during depositions, at a pretrial conference, and in meetings with clients. *See Disciplinary Counsel v. Willis*, 96 Ohio St.3d 142, 2002-Ohio-3614, 772 N.E.2d 625. And in the third case, we imposed the same sanction on an attorney who, in addition to failing to register his employment of a suspended attorney, publicized his services on a website that contained a misleading and self-laudatory claim along with a coupon for a discounted consultation. *See Columbus Bar Assn. v. Dugan*, 113 Ohio St.3d 370, 2007-Ohio-2077, 865 N.E.2d 895.

{¶ 15} Having thoroughly reviewed the board's findings of fact and conclusions of law, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable misconduct, we agree that a public reprimand is the appropriate sanction in this case.

### Conclusion

{¶ 16} Accordingly, Jack Irwin Brand is publicly reprimanded for his misconduct. Costs are taxed to Brand.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

The Abrams Law Firm, L.L.C., and Laura A. Abrams; and Edwin W. Patterson III, Bar Counsel, for relator.

Jeffrey S. Bakst, for respondent.

_____