[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 300.]

BUTLER COUNTY BAR ASSOCIATION *v.* DERIVAN.

[Cite as *Butler Cty. Bar Assn. v. Derivan*, 1998-Ohio-542.]

*Attorneys at law—Misconduct—Six-month suspension—Failing to file a case within the appropriate statute of limitations and then deliberately manufacturing a document to exonerate himself and presenting it as genuine in a formal disciplinary proceeding.*

(No. 97-2259—Submitted January 14, 1998—Decided April 1, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-03.

—————————

{¶ 1} On April 5, 1992, as Mrs. Leroy Purifoy was leaving a Wilson Cardinal Foods supermarket in Middletown, Ohio, she was detained briefly by the store manager, who asked to look in her purse for an article taken from the store. The police, having been called by the manager, also searched Mr. Purifoy, who had left the store ahead of his wife. Nothing was found. Although not taken into custody or handcuffed, Mrs. Purifoy was, nevertheless, embarrassed. Three days later, the Purifoys engaged respondent, H.T. Derivan of Middletown, Ohio, Attorney Registration No. 0006092, to investigate the possibility of a suit against the store.

{¶ 2} Respondent's notes indicate that most of the witnesses on the list that the Purifoys provided to him in July 1992 had not been present at the incident. One witness who had heard about the matter said that it did not affect her opinion of the Purifoys. The Purifoys did not reply to respondent's requests for lists of other witnesses. Respondent also interviewed the owner of Wilson Cardinal Foods.

{¶ 3} Believing that a two-year statute of limitations applied, respondent filed suit against the supermarket, its owner, and former manager on behalf of the

Purifoys on April 4, 1994. The defendants filed a motion to dismiss for failure to bring an action within the applicable one-year statute of limitations, and the case was dismissed on May 19, 1994.

{¶ 4} The Purifoys filed a grievance against respondent, and on July 20, 1995 at a hearing before the relator, Butler County Bar Association, respondent produced a letter dated January 20, 1993 purporting to inform the Purifoys of the one-year statute of limitations. Within three weeks thereafter, respondent told a representative of relator that the letter was manufactured by him for the purpose of the investigation and was never sent to the Purifoys, and he so testified at a reconvened meeting of relator's committee.

{¶ 5} On October 20, 1995, respondent paid the Purifoys $4,000 in full satisfaction of their claims against him.

{¶ 6} Based upon these facts, relator filed a complaint against respondent charging him with violations of several Disciplinary Rules. After respondent answered, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter and concluded that respondent had violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The panel received in mitigation testimony from a judge who appeared in response to a subpoena, respondent's secretary, his law partner, and his wife. The panel also received letters from sixteen attorneys, a neighbor, a client, and a friend. The mitigating evidence related both to respondent's legal ability and to his honesty, integrity, and devotion to community and public service during his thirty years of practice.

{¶ 7} The panel considered that respondent had paid $4,000 to his former clients on a claim "of questionable value," and that although he fabricated a letter to exonerate himself, he reappeared before the committee and brought the fabrication to its attention. The panel considered respondent's long and unblemished record, distinguished his situation from that in *Disciplinary Counsel*

*v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, and concluded that "this single incident does not constitute a course of action that would require actual suspension from the practice of law." The panel recommended that respondent receive a public reprimand.

{¶ 8} The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Michael T. Gmoser* and *Gregory K. Pratt,* for relator.

*Frank J. Schiavone,* for respondent.

———————————

**_Per Curiam._**

{¶ 9} We have reviewed the record and adopt the findings and conclusions of the board. However, we believe a more severe sanction is warranted. This case involves more than respondent's negligence in failing to file a case within the appropriate statute of limitations. Respondent deliberately manufactured a document to exonerate himself and presented it as genuine in a formal disciplinary proceeding. Respondent is hereby suspended from the practice of law in Ohio for six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————