**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 396.]**

CINCINNATI BAR ASSOCIATION *v.* FIDLER.

[Cite as *Cincinnati Bar Assn. v. Fidler*, 1998-Ohio-39.]

*Attorneys at law—Misconduct—Eighteen-month suspension with one year of the sanction stayed on conditions—Convictions for shoplifting—Withholding the truth during a disciplinary investigation.*

(No. 97-2641—Submitted May 13, 1998—Decided October 14, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-112.

_____

{¶ 1} On April 19, 1985, respondent, Mark W. Fidler of Cincinnati, Ohio, Attorney Registration No. 0020309, was arrested for taking four compact disks from Swallens' Department Store in Springdale, Ohio. He paid a fine after pleading guilty to petty theft in the Springdale Mayor's Court. On March 14, 1996, the MicroCenter computer store at Sharonville, Ohio, charged respondent with petty theft for concealing three compact disks on his person. Respondent pled no contest in the Sharonville Mayor's Court, was convicted of disorderly conduct, and paid a fine of $100.

{¶ 2} Respondent reported his 1996 conviction, but not his 1985 conviction, to the relator, Cincinnati Bar Association. When interviewed by relator with respect to that report, respondent specifically denied that he had ever stolen anything on any prior occasion. Later, in a sworn statement, respondent told relator of the 1985 conviction, stating that he had not revealed it earlier because at that time he believed it had been expunged from his record.

{¶ 3} Respondent failed to register timely his status as an attorney with the Ohio Supreme Court for five successive biennial periods, registering from two days to five months late.

**{¶ 4}** On December 9, 1996, relator filed a complaint charging that respondent's convictions, his failure to report his 1985 conviction, and his failures to register timely with the Supreme Court constituted violations of the Disciplinary Rules. Respondent answered, and on June 12, 1997, a panel of the Board of Commissioners on Grievances and Discipline ("board") heard evidence and received a stipulation of the parties.

**{¶ 5}** The panel found the facts as stated and concluded that respondent's 1985 shoplifting violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (6) (engaging in conduct that adversely reflects upon the fitness to practice law). It further concluded that respondent's failure to report the 1985 conviction violated DR 1-103(A) (a lawyer with unprivileged knowledge of a violation of DR 1-102 shall report such knowledge to an authority empowered to investigate the violation). It concluded that respondent's failure to timely register for several registration periods reflected a pattern of dishonesty and evasion of responsibility, which constituted a violation of DR 1-102(A)(6). And because respondent practiced during a time when he was not in good standing, the panel concluded that he violated DR 3-101(B) (a lawyer shall not practice in a jurisdiction where to do so would be in violation of the regulations of the profession in that jurisdiction). In mitigation the panel received evidence that at the time of the thefts respondent was under great personal stress. It also received sixteen character letters from lawyers and judges. The panel recommended that respondent be suspended from the practice of law for eighteen months with one year of the suspension stayed pending successful completion of a one-year probation period and appropriate counseling to address the problems that caused respondent to engage in the underlying misconduct. The board adopted the findings, conclusions, and recommendations of the panel.

———————————

*W. Breck Weigel, Thomas S. Shore* and *Maria C. Palermo,* for relator.

*H. Fred Hoefle,* for respondent.

————————————

***Per Curiam.***

**{¶ 6}** We adopt the findings of fact of the board. We conclude that respondent's convictions for shoplifting were, as respondent stipulated, in violation of DR 1-102(A)(3), (4), and (6). We further conclude that respondent's failure to report his 1985 conviction when specifically questioned violated DR 1-103(A).

**{¶ 7}** Recently, when an attorney withheld the truth during a disciplinary investigation, we imposed a definite suspension. *Butler Cty. Bar Assn. v. Derivan* (1998), 81 Ohio St.3d 300, 691 N.E.2d 256. We find a definite suspension appropriate in this case. Respondent is hereby suspended from the practice of law for eighteen months with one year of the suspension stayed pending successful completion of a one-year probation period and appropriate counseling to address the problems that caused respondent to engage in the underlying misconduct. Cost taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————