[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 7.]

TOLEDO BAR ASSOCIATION *v.* LOCKHART.

[Cite as *Toledo Bar Assn. v. Lockhart*, 1998-Ohio-687.]

*Attorneys at law—Misconduct—Two-year suspension with one year stayed— Conviction of petty theft—Conviction of tampering with records.*

(No. 98-401—Submitted July 8, 1998—Decided November 10, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-23.

_____

{¶ 1} On February 18, 1997, relator, Toledo Bar Association, filed a complaint charging that respondent, Carol Ann Lockhart of Toledo, Ohio, Attorney Registration No. 0038474, violated   DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice).  Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which held a hearing and received stipulations.

{¶ 2} The panel found that in 1996 as a result of a shoplifting incident in Toledo, Ohio, respondent was found guilty of petty theft, and was sentenced to ten days in jail.  Later, she pled guilty to shoplifting in Cleveland, Ohio, and was fined $1,000 and placed on probation for a year.  The panel  further found that in order to discuss her Toledo shoplifting case with the assigned trial judge, respondent went to the office of the municipal court clerk and signed for and obtained the affidavit in her case.  When she took the affidavit to the judge's office and found that he was not present, respondent left the affidavit on the bailiff's desk and returned to the clerk's office where she used "white-out" to erase her signature as the person who

had taken the affidavit. The judge discovered the affidavit and returned it to the clerk's office.

{¶ 3} Thereafter, respondent was found guilty of two counts of tampering with records, and as a result received a six-month sentence and spent thirty-three days in jail. At the time of the hearing, respondent was still on probation in Toledo and Cleveland and owed about $700 in court costs. The panel concluded that respondent violated the Disciplinary Rules as charged.

{¶ 4} In mitigation, respondent presented evidence that during the time of her violations, her behavior was self-destructive and she had low self-esteem. In addition, her inability to support herself by practicing law led to her depression. Since 1996, respondent has been successfully treated by a clinical therapist and a physician for these problems, and has emerged from her depression.

{¶ 5} The panel recommended that respondent be suspended from the practice of law for two years, with one year suspended, and that respondent be placed on probation on condition that she pay all fines and costs. The panel also recommended that upon completion of the suspension, she submit to a psychiatric examination by a physician of relator's choice to determine whether she is emotionally fit to resume the practice of law. The board adopted the panel's findings and conclusions, but recommended that respondent be indefinitely suspended from the practice of law.

_____

*Thomas J. Szyperski* and *M. Susan Swanson,* for relator.
*James D. Caruso,* for respondent.

_____

***Per Curiam.***

{¶ 6} We adopt the findings and conclusions of the board. Respondent's shoplifting violated DR 1-102(A)(4). *Cincinnati Bar Assn. v. Fidler* (1998), 83 Ohio St.3d 396, 700 N.E.2d 323.

{¶ 7} In view of respondent's attempts to rehabilitate herself, we adopt the recommendation of the panel. Respondent is hereby suspended from the practice of law for two years, with one year of that suspension stayed. Respondent will be placed on probation, and her reinstatement will be conditioned on her payment of all fines and other costs related to her actions. Upon completion of the suspension, she shall submit to a complete psychiatric examination by a physician of relator's choice to determine whether she is emotionally fit to resume the practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, YOUNG, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

JOHN C. YOUNG, J., of the Tenth Appellate District, sitting for RESNICK, J.

————————————

**COOK, J., dissenting.**

{¶ 8} In accordance with the recommendation of the board, I would indefinitely suspend the respondent.

————————————