[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 135.]

TOLEDO BAR ASSOCIATION *v*. LOCKHART.

[Cite as *Toledo Bar Assn. v. Lockhart*, 2002-Ohio-1758.]

*Attorneys at law—Misconduct—Indefinite suspension with no credit for time served under previous suspension—Conviction for pretty theft— Petitioning for reinstatement and not informing court of felony theft charges or conviction for petty theft.*

(No. 2001-2177—Submitted January 30, 2002—Decided May 1, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-35.

_____

**Per Curiam.**

{¶1} On November 10, 1998, we suspended respondent, Carole Ann Lockhart of Toledo, Ohio, Attorney Registration No. 0038474, from the practice of law for two years with one year suspended. *Toledo Bar Assn. v. Lockhart* (1998), 84 Ohio St.3d 7, 701 N.E.2d 686. In our order of suspension, we conditioned her reinstatement on the payment of all fines and costs related to her actions and submission to a complete psychiatric examination by a physician. In March 2000, respondent submitted to such an examination, and the physician reported that she was ready to return to the practice of law without restrictions.

{¶2} Two months later, in May 2000, respondent stole merchandise from a retail clothing store in Toledo. She was served with a warrant for felony theft on May 13, 2000, and appeared in court on that charge on May 22, 2000, and again on June 27, 2000. On June 29, 2000, respondent entered a plea of no contest to a charge of petty theft and was found guilty and later sentenced to a ninety-day suspended jail term, a fine of $250, costs, and one year's probation.

{¶3} On June 29, 2000, respondent filed a petition for reinstatement with this court, signed and verified on June 15, 2000, in which she stated under oath that she possessed the moral qualifications required of an attorney at law and was a proper person to be readmitted to practice. At the time she signed and verified the petition for reinstatement, respondent was under indictment for felony theft. She did not notify us of the charges against her or her conviction. On June 8, 2001, we denied her application for reinstatement.

{¶4} On April 9, 2001, relator, Toledo Bar Association, filed a complaint charging that respondent's conduct violated several provisions of the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court. Based upon testimony received at a hearing and the stipulations of the parties, the panel found the facts as stated and concluded that respondent's theft and conviction violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law).

{¶5} In mitigation, the panel noted that respondent previously had several health, family, and financial problems, that she had done significant volunteer work in the community, and that she showed true remorse for her actions. The panel recommended that respondent be suspended indefinitely from the practice of law. Adopting the findings and conclusions of the panel, the board recommended that respondent be indefinitely suspended from the practice of law with no credit for time served under her previous suspension.

{¶6} Upon review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from

the practice of law with no credit for time served under her previous suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———————————

**COOK, J., dissenting**.

{¶7} Because the respondent's conduct warrants disbarment, I respectfully dissent.

———————————

*W. David Arnold* and *Thomas J. Szyperski,* for relator.

*James D. Caruso*, for respondent.

———————————