ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| ,This disciplinary matter arises from a motion and rule to revoke probation filed by the Office of Disciplinary Counsel *1165 (“ODC”) against respondent, Elise M. La-Martina, an attorney licensed to practice law in Louisiana, for her violation of additional Rules of Professional Conduct while on court-ordered probation imposed in In re: LaMartina, 10-0093 (La.7/2/10), 38 So.3d 266 (“LaMartina I ”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record in LaMartina I demonstrated that respondent was convicted of unauthorized access to a public school and resisting arrest, stemming from a series of incidents in which she entered the campus of her son’s middle school without authorization from school officials. Following her conviction, which occurred prior to her admission to the Louisiana bar, respondent was placed on probation and ordered to stay off the premises of any public school in St. Tammany Parish. She was also required to pay a monthly supervision fee of $50 while she was on probation. Thereafter, in 2007, respondent violated the conditions of her criminal probation by going onto the campus of an elementary school in St. Tammany Parish without authorization and by failing to pay her monthly supervision fee.
In 2008, the ODC filed one count of formal charges against respondent arising out of the criminal probation violation. At the conclusion of the ^disciplinary proceedings, we suspended respondent from the practice of law for one year and one day, fully deferred, subject to a two-year period of unsupervised probation with conditions. Our opinion concluded:
In the event respondent fails to comply with these conditions, or if she engages in any misconduct during the period of probation, the deferred suspension may become executory, or additional discipline may be imposed, as appropriate. [Emphasis added.]
DISCIPLINARY PROCEEDINGS

Motion and Rule to Revoke Probation

On March 21, 2012, the ODC filed a motion and rule to revoke respondent’s probation, alleging that she had committed the following additional misconduct during the period of her probation:
1. On October 5, 2011, respondent was arrested for shoplifting, a misdemeanor violation of La. R.S. 14:67.10, stemming from the theft of $166.87 in merchandise from a Target store in Covington. Respondent pleaded not guilty to the charge; the case is set for trial this summer.
2. In the matter of Deborah M. Henson d/b/a Law Office of Deborah M. Henson v. Elise Mary Beth LaMar-tina, No. 2010-12215 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, Division “B,” on October 18, 2010, an attachment was issued for respondent’s arrest for her failure to appear in court after having been duly served with the plaintiffs motion to examine judgment debtor. The attachment was recalled later the same day and respondent was served with another subpoena to appear for the judgment debtor rule. In February 2011, when the matter was taken up by the court, respondent again failed to appear, and the court issued a civil attachment for respondent and set a cash bond of $2,500. Respondent was arrested on the civil attachment on May 4, 2011 and brought to court on May |⅞5, 2011. The court ordered the attachment satisfied, but because respondent had also been arrested on a civil attachment issued by another division of the court (see matter number 3, infra), she was remanded back to the St. Tammany Parish jail.
*1166 3. In the matter of Lake Villas No. II Homeowners Association v. Elise LaMartina, No. 2008-11842 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, Division “J,” on January 26, 2011, a civil attachment was issued by the court for respondent’s failure to appear. On May 4, 2011, respondent was arrested for contempt of court, a violation of La. R.S. 14:4 and La.Code Crim. P. art. 21. Respondent was released to the custody of the St. Tammany Parish jail and booked accordingly.
Based on the foregoing matters, the ODC prayed for revocation of respondent’s probation and the imposition of the previously deferred one year and one day suspension.[1]
Respondent did not file an answer to the ODC’s motion and rule to revoke probation, nor did she file any other formal pleading responding to the allegations against her. Rather, on April 2, 2012, she sent an e-mail to the disciplinary board in which she represented that she had been experiencing “major health problems” over the last several months and was then “in the middle of a medical emergency which requires that I be admitted to the hospital ■within the next 24 hours.” Although the board staff advised respondent that she must file a motion if she |4wished to request an extension of time to respond or if she desired a continuance of the hearing, respondent filed no motions before the hearing was held.[2]

Hearing on Revocation of Probation

This matter proceeded to a hearing before an adjudicative panel of the disciplinary board on April 12, 2012. Respondent testified at the hearing on her own behalf and on cross-examination by the ODC. The ODC called Elizabeth Luke, an employee of Target, to testify before the hearing committee.
Ms. Luke, whose job entails monitoring the security cameras at the Target store in Covington, testified that she apprehended respondent for shoplifting after she was seen trying to exit the store with jewelry and clothing she had not paid for.[3] Ms. Luke watched respondent select a ring at the jewelry counter and place it into her purse. She then selected another ring and headed towards the ladies’ clothing department, where she discarded the packages for the jewelry, picked up some clothes, and went into the fitting room. After respondent came out of the fitting room, she walked through the grocery department and down the main aisle of the store. Ms. Luke testified that respondent then placed the clothing inside her jacket, which *1167 was laying in the top basket of her shopping cart, and “carefully” placed her day planner on top of the pile for “concealment.” As respondent exited the store, Ms. Luke stopped her and asked her to return inside. Respondent was then escorted to a “booking room” at the rear of the store to await the arrival of the police. During this time, respondent gave Ms. Luke the clothing she had concealed |sin her jacket, but she did not return the two rings. The rings were retrieved when they fell out of respondent’s purse after a police officer entered the room where she was being detained. Respondent was arrested and read her Miranda rights, then issued a misdemeanor summons for shoplifting.
In her testimony, respondent admitted that she was “ticketed” for theft of goods from Target valued at $166.87. However, she disputed that she was actually arrested, claiming she “wasn’t taken away in cuffs to a jail or anything.” She also contested that the merchandise she was accused of taking amounted to $166.87.[4] Respondent maintained that she did not intend to steal anything but simply placed some clothing in her shopping cart and forgot to pay for it at the cash register. She adamantly denied taking any jewelry.
With regard to the two civil suits in which she failed to make court appearances, respondent denied that she has disobeyed any court orders in those matters. Respondent testified that she has followed court orders “to the best of my ability” and that on the occasions when she failed to appear in response to a subpoena, she was simply running late for court, once because she had a flat tire. Respondent stated that she tried to make it to court on time, but when she couldn’t, she alerted the court to that fact. Respondent dismissed her “lateness” as insignificant, noting “it happens.”

Disciplinary Board Recommendation

On April 20, 2012, the disciplinary board filed its report with this court, recommending that respondent’s probation be revoked and that she be suspended from the practice of law for one year and one day.
In the shoplifting matter, the board found that the testimony of Target’s employee, Ms. Luke, is supported by and is consistent with the surveillance video 1 fisubmitted by the ODC. The board noted the surveillance video shows that respondent was in Target for approximately one hour. The video shows respondent selecting items from a jewelry counter, the clothing department, and the grocery department and placing those items in her shopping cart. Respondent spent approximately five minutes at the jewelry counter, twenty to twenty-five minutes in the clothing department,[5] and five minutes in the grocery department; the remainder of the time, respondent is seen walking through Target and apparently texting on her cell phone. Respondent rearranged the items in her shopping cart at least twice.
After hearing the testimony of Ms. Luke and reviewing the surveillance video, the board made a finding that it was “very hard to believe that Respondent simply forgot to pay for $166.87 worth of merchandise. Rather, the testimony of Ms. Luke and the surveillance video support the allegations of ODC — that Respondent engaged in criminal conduct.”
*1168 Turning to the issue of respondent’s failure to appear in court in two separate civil suits, the board noted respondent’s admission that she failed to appear on January 26, 2011 (in the suit by the homeowners’ association) and on February 10, 2011 (in the suit for attorney’s fees). She testified that a flat tire prevented her from appearing on the February 10th date, and further that she appeared later in the day and provided information to the court. However, the board found there is no evidence in the record supporting this claim. The board also noted that respondent did not offer an explanation as to why she did not appear on January 26th. When questioned generally by the ODC about her failure to appear in court pursuant to court orders, respondent replied that “it happens.”
17Based on respondent’s testimony and the evidence in the record, the board made a finding that respondent knowingly failed to comply with court orders in the two civil suits at issue. Respondent’s failure to appear resulted in the issuance of attachments for her arrest by two divisions of the 22nd Judicial District Court, and ultimately, her arrest for contempt of court. The board further found that this conduct is “strikingly similar” to that for which she was disciplined in LaMartina I.
Based on the above findings, the board concluded that the ODC presented sufficient evidence that respondent engaged in criminal conduct and failed to comply with court orders, in violation of Rules 3.4(c) and 8.4(b) of the Rules of Professional Conduct. Respondent’s additional violations of the Rules of Professional Conduct are grounds for the revocation of her probation. Accordingly, the board recommended that respondent’s probation be revoked and that she be suspended from the practice of law for one year and one day. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
DISCUSSION
A review of the documentary evidence in the record reveals that respondent failed to comply with court orders by failing to appear in court pursuant to subpoenas issued in two separate civil matters. As the board noted, this conduct resulted in respondent’s arrest for contempt of court, and is precisely the same kind of conduct for which she was suspended and placed on probation in LaMar-tina I. Respondent’s continued disrespect for legal obligations imposed upon her is disturbing, and suggests that she has learned nothing from the disciplinary process. On the basis of this conduct alone, we find it is appropriate to revoke respondent’s probation and to impose the period of suspension which was previously deferred.
|sThe ODC also suggests that respondent’s probation should be revoked as the result of her arrest for shoplifting. The board agreed, based upon the panel’s finding that the testimony of Target’s employee, Ms. Luke, was credible and consistent with the security video introduced into evidence by the ODC. In light of the testimony and documentary evidence in the record, we cannot say this finding is clearly wrong. See In re: Bolton, 02-0257 (La.6/21/02), 820 So.2d 548 (“Although this court is the trier of fact in bar disciplinary cases, we are not prepared to disregard the credibility evaluations made by those committee members who were present during respondent’s testimony and who act as the eyes and ears of this court.”). Therefore, we find respondent’s commission of the criminal act of shoplifting forms an additional basis for the revocation of her probation.
In sum, respondent has knowingly disobeyed an obligation under the rules of a *1169 tribunal, in violation of Rule 3.4(c) of the Rules of Professional Conduct, and has engaged in criminal conduct, in violation of Rule 8.4(b). Accordingly, she has committed additional misconduct during the period of her probation in LaMartina I, warranting the revocation of her probation and the imposition of the previously deferred one year and one day suspension.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred one year and one day suspension imposed in In re: LaMartina, 10-0093 (La.7/2/10), 38 So.3d 266, is hereby made immediately executory. All costs and expenses in the matter are assessed against respondent, Elise M. LaMartina, Louisiana Bar Roll number 30583, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. In its pre-hearing memorandum, the ODC alleged that the conduct which prompted the filing of the motion and rule to revoke probation constituted a violation by respondent of the following provisions of the Rules of Professional Conduct: Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).

. At the hearing, respondent produced no medical evidence other than a hospital bracelet for an emergency room visit on April 3rd. In its report, the board noted that it was not completely disregarding respondent’s claim that she experienced health problems in March and April 2012, but "without supporting evidence the [board] Panel cannot make a finding on the extent or impact of her medical condition. Regardless, the conduct at issue in this matter took place before Respondent’s medical problems allegedly occurred. Thus, no causal connection between her conduct and her medical problems was established.”

.The ODC introduced into evidence two CD’s obtained from Target which contain the footage from the security cameras. Respondent did not object to the introduction of the CD’s.

. In response to the questions of a board panel member, respondent indicated that she forgot to pay for four T-shirts costing "maybe ... $20 each.”

. Respondent was in the clothing department for approximately twenty minutes before entering the fitting room with items of clothing. The surveillance video does not include the time respondent spent in the fitting room.