CINCINNATI BAR ASSOCIATION v. MOORE.

[Cite as *Cincinnati Bar Assn. v. Moore,* 143 Ohio St.3d 252, 2015-Ohio-2488.]

(No. 2014–1737—Submitted January 14, 2015—Decided June 25, 2015.)

## Per Curiam.

{¶ 1} Respondent, Rodger William Moore of Fort Mitchell, Kentucky, Attorney Registration No. 0074144, was admitted to the practice of law in Ohio in 2001. On March 19, 2014, relator, Cincinnati Bar Association, filed an amended four-count complaint with the Board of Commissioners on Grievances and Discipline.[1] The complaint alleged that Moore had engaged in illegal acts that adversely reflected on his honesty and trustworthiness and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, by engaging in seven incidents of shoplifting—one in 2001 and six over a period of several months ending in March 2012—and by submitting false statements about those incidents during relator's investigation.[2]

{¶ 2} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and also agreed on the sanction they believed was appropriate. A panel of the board conducted a hearing, where it heard testimony from Moore, three witnesses to the alleged misconduct, and three character witnesses. The panel adopted the parties' stipulations, found one additional aggravating factor and one additional mitigating factor, and accepted the parties' recommendation that Moore be suspended from the practice of law for two years, with one year stayed on conditions. The board adopted the panel's report in its entirety. We adopt the board's findings of fact and conclusions of law and agree that a two-year suspension with the second year stayed on conditions is the appropriate sanction for Moore's misconduct.

### Misconduct

{¶ 3} The parties stipulated and the board found that in November 2001, Moore was arrested in Atlanta, Georgia, based on an allegation that he attempted to leave a Kroger store with 12 bottles of wine, worth $152, without paying for them. He entered into an agreement that required him to complete 65 hours of community service and a nolle prosequi was subsequently entered in the matter.

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Relator charged Moore with misconduct under the applicable Disciplinary Rules of the Code of Professional Responsibility for acts occurring before February 1, 2007, the effective date of the Rules of Professional Conduct, which superseded the Disciplinary Rules. Acts occurring thereafter were charged as violations of the Rules of Professional Conduct.

{¶ 4} In March 2012, Moore was charged with theft by shoplifting after he scanned UPC codes that he had carried into a Kroger store in Cincinnati to purchase three bottles of expensive wine and a bottle of olive oil at a self-scan checkout register, reducing the price of the items purchased by $359.10. He pleaded guilty to the charges and was permitted to enter a diversion program. Moore later admitted that he had used this method to steal expensive bottles of wine from the same store on five separate occasions prior to his arrest.

{¶ 5} On the advice of counsel, Moore sent a letter to relator in July 2012 to report the March 2012 shoplifting charge. In that letter, he made false statements regarding the March 2012 incident, failed to disclose that he had used the same subterfuge a number of times in the months preceding that incident, and failed to disclose the 2001 charge. He also attempted to mislead relator by making false statements and leaving out relevant information when relator interviewed him under oath in January 2013 and in his initial and supplemental responses in June and July 2014 to relator's requests for admissions.

{¶ 6} The parties stipulated and the board found that Moore's conduct in 2001 violated DR 1–102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude) and 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and that his later conduct violated Prof.Cond.R. 8.1(a) (prohibiting knowingly making a false statement of material fact in connection with a disciplinary matter), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The parties also stipulated and the board found that Moore's conduct violated Gov.Bar R. V(4)(G) (now Gov.Bar R. V(9)(G)) (prohibiting a lawyer from neglecting or refusing to assist in a disciplinary investigation).

## Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B).[3] *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

---

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

{¶ 8} The parties stipulated to one mitigating factor—the absence of a prior disciplinary record, *see* BCGD Proc.Reg. 10(B)(2)(a)—and acknowledged that Moore would provide character evidence at the hearing from which the panel could find additional mitigating factors. The board adopted the stipulated mitigating factor and found that other penalties or sanctions have been imposed for Moore's conduct (i.e., community service, restitution, and participation in a diversion program). *See* BCGD Proc.Reg. 10(B)(2)(f).

{¶ 9} The board noted that Moore provided several letters from acquaintances and presented the testimony of three witnesses at the disciplinary hearing to show evidence of his good character. However, the testimony of two of those witnesses on cross-examination revealed that Moore had not been truthful with them about the full extent of his conduct. Moore admitted, and the board found, that there was no reason for him to conceal that information from close friends except to avoid shame. Based on his failure to disclose the details of the thefts to his close friends and his deliberate decision to withhold the information from his treating psychologist, the board found that Moore had been unwilling to accept responsibility for his misconduct, and it therefore accorded "very limited mitigating weight to the character evidence presented." *See* BCGD Proc.Reg. 10(B)(2)(e).

{¶ 10} As aggravating factors, the parties stipulated and the board found that Moore acted with a dishonest or selfish motive; engaged in a pattern of misconduct; engaged in multiple offenses; failed to cooperate in the disciplinary process; and submitted false evidence, made false statements, or engaged in other deceptive practices during the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(b), (c), (d), (e), and (f). In addition, the board found that Moore's failure to make restitution to the Kroger store in Cincinnati until shortly before his disciplinary hearing qualified as an aggravating factor. *See* BCGD Proc.Reg. 10(B)(1)(i). It also expressed concern that Moore could not explain why he had committed the thefts or why he chose to lie to relator when he knew that relator had proof that he was lying.

{¶ 11} Consistent with the parties' stipulations, the board recommends that we suspend Moore from the practice of law for two years, with one year stayed on the conditions that Moore (1) comply with the terms of his contract with the Ohio Lawyers Assistance Program ("OLAP"), (2) provide relator and OLAP with evidence of regular counseling visits with his psychologist and periodic reports from that psychologist, and (3) commit no further misconduct. The board further recommends that Moore be required to petition this court for reinstatement in accordance with the more rigorous requirements of the Supreme Court Rules for the Government of the Bar of Ohio that govern the reinstatement of indefinitely suspended attorneys and submit documentation from a qualified medical profes-

sional selected by relator, other than his treating psychologist, stating that Moore is capable of returning to the competent, ethical, and professional practice of law. The board believed that these conditions would force Moore to examine and deal with the underlying causes of his self-destructive behavior if he desires to resume the practice of law.

{¶ 12} Of the cases cited by the board in support of its recommended sanction, we find *Toledo Bar Assn. v. Lockhart*, 84 Ohio St.3d 7, 701 N.E.2d 686 (1998), and *Cincinnati Bar Assn. v. Fidler*, 83 Ohio St.3d 396, 700 N.E.2d 323 (1998), to be most instructive.

{¶ 13} In *Lockhart*, an attorney was twice convicted for shoplifting incidents. The first incident resulted in a petty-theft conviction and ten-day jail sentence, and after pleading guilty to shoplifting in the second matter, Lockhart was fined $1,000 and placed on probation for one year. She was also convicted of tampering with records after she signed out a document from her case record of the first incident from the office of the municipal court clerk, left the document with the trial court bailiff when she was finished with it, and then attempted to conceal that she had signed out the document by whiting out her signature on the clerk's record log. *Id.* at 8. The board recommended that Lockhart be indefinitely suspended from the practice of law, but citing her efforts to rehabilitate herself from depression, self-destructive behavior, and low self-esteem, we imposed a two-year suspension, with the second year stayed on conditions that included her submission to a complete psychiatric examination to determine whether she was fit to resume the practice of law. *Id.* at 8–9.

{¶ 14} In *Fidler*, an attorney was arrested in 1985 for taking several compact discs from a store and was arrested again in 1996 for the same conduct. He pleaded guilty to petty theft in the first case and pleaded no contest to disorderly conduct in the second. He reported his 1996 conviction to the Cincinnati Bar Association, but when he was interviewed by the bar association about that conviction, he specifically denied that he had stolen anything in the past—though he eventually disclosed his 1985 conviction. Fidler presented evidence that he was under great personal stress at the time of the thefts and submitted 16 character letters from lawyers and judges. *Id.* at 396–397. We imposed an 18–month suspension, with one year stayed pending the successful completion of a one-year period of probation and appropriate counseling to address the issues underlying Fidler's misconduct. *Id.* at 397.

{¶ 15} Having considered Moore's misconduct, the aggravating and mitigating factors present, and the sanctions we have imposed for comparable misconduct, we agree that a two-year suspension with one year stayed on the conditions recommended by relator is the appropriate sanction in this case.

{¶ 16} Accordingly, Rodger William Moore is suspended from the practice of law in Ohio for two years with the second year stayed on the conditions that he (1) comply with the terms of his contract with OLAP, (2) provide relator and OLAP with evidence of regular counseling visits with his psychologist and with periodic reports from that psychologist, and (3) commit no further misconduct. In order to resume the practice of law, Moore also must petition this court for reinstatement in accordance with Gov.Bar R. V(25) and must submit documentation from a qualified medical professional selected by relator, other than his treating psychologist, stating that he is capable of returning to the competent, ethical, and professional practice of law.   Costs are taxed to Moore.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———

Laura A. Abrams and Edwin W. Patterson III, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Matthews Jr., for respondent.