# Supreme Court of Louisiana

The Opinions handed down on the **6th day of December, 2017**, are as follows:

**PER CURIAM**:

2017-B -0430    IN RE: ELISE MARYBETH LAMARTINA

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, the brief filed by the ODC, and oral argument, it is ordered that Elise Marybeth LaMartina, Louisiana Bar Roll number 30583, be and she hereby is suspended from the practice of law for three years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

CLARK, J., dissents.
CRICHTON, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2017-B-0430

IN RE: ELISE MARYBETH LaMARTINA

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Elise Marybeth LaMartina, an attorney licensed to practice law in Louisiana, but currently suspended from practice.

**PRIOR DISCIPLINARY HISTORY**

Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 2006. In 2010, we suspended respondent from the practice of law for one year and one day, fully deferred, subject to a two-year period of unsupervised probation with conditions. *In re: LaMartina*, 10-0093 (La. 7/2/10), 38 So. 3d 266 ("*LaMartina I*"). During the probationary period, however, respondent engaged in additional misconduct. She was arrested for shoplifting on October 5, 2011 (stemming from the theft of $166.87 in merchandise from a Target store in Covington, Louisiana) and she was twice arrested on civil attachments issued in two civil cases in which she was the defendant. For these violations of the Rules of Professional Conduct, we revoked respondent's probation and immediately made executory the previously deferred one year and one day suspension imposed in *LaMartina I*. *In re: LaMartina*, 12-0892 (La. 5/25/12), 89 So. 3d 1164 ("*LaMartina*

*II*"). Respondent has not yet sought reinstatement from her suspension in *LaMartina II*. As such, she remains suspended from the practice of law.

Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.

## FORMAL CHARGES

In January 2015, respondent was arrested for shoplifting hair dye, which was valued at $7.29, from a Rouses Supermarket in Mandeville, Louisiana. Respondent was ultimately charged with misdemeanor theft of goods. In October 2015, respondent pleaded guilty to this charge as well as the 2011 shoplifting charge previously discussed.

When the ODC received notice of respondent's 2015 arrest, it sent her three separate letters requesting she provide a written explanation of her conduct. Two of the letters were sent via certified mail, and one letter was sent via regular mail. Only one of the letters was returned, unclaimed. Respondent never filed a written response to the ODC's letters.

## DISCIPLINARY PROCEEDINGS

In February 2016, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer). Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court

Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

*Hearing Committee Report*

After considering the ODC's deemed admitted submission on sanctions, the hearing committee determined the factual allegations in the formal charges are deemed admitted and proven by clear and convincing evidence. The factual allegations are further corroborated by the documentary evidence submitted by the ODC. The committee concluded that these facts establish respondent violated the Rules of Professional Conduct as charged.

The committee determined that respondent violated duties owed to the public and the legal profession. Her conduct caused actual harm to the store from which she shoplifted and to the legal profession. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined that the baseline sanction is disbarment.

In aggravation, the committee found a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and illegal conduct. The committee found no mitigating factors present.

Under these circumstances, the committee recommended respondent be disbarred.

Neither respondent nor the ODC filed an objection to the hearing committee's report and recommendation. Respondent made her first appearance in this matter at subsequent oral argument before a panel of the disciplinary board, where she presented evidence in mitigation. Although she alleged that she only first became

3

aware of this matter on the morning of oral argument, she did not file a motion to vacate the deemed admitted order.

*Disciplinary Board Recommendation*

After review, the disciplinary board found that the factual allegations in the formal charges have been deemed admitted and proven. The board also found that the hearing committee correctly applied the Rules of Professional Conduct.

The board determined that respondent intentionally violated duties owed to the public and the legal profession. Her conduct caused actual harm to the store from which she shoplifted, as well as to the legal system, the legal profession, and the attorney disciplinary system. Like the committee, the board determined that the baseline sanction is disbarment. The board also agreed with the aggravating factors found by the committee and agreed that no mitigating factors are present.

Turning to the issue of an appropriate sanction, the board noted that Louisiana case law contains little precedent for disciplining attorneys who are guilty of shoplifting. As such, the board looked to other states' case law addressing similar misconduct. In particular, the board cited three cases decided by the Ohio Supreme Court. The first case, *Cincinnati Bar Ass'n v. Moore*, 36 N.E. 3d 171 (Ohio 2015), addressed an attorney's two instances of shoplifting, for which the Ohio Supreme Court imposed a two-year suspension from the practice of law, with one year deferred, subject to conditions. The second case, *Toledo Bar Ass'n v. Lockhart*, 701 N.E. 2d 686 (Ohio 1998), addressed an attorney's two shoplifting convictions as well as the attorney's tampering with her second arrest record; for this misconduct, the attorney was suspended from the practice of law for two years, with one year deferred. In the last case, *Cincinnati Bar Ass'n v. Fidler*, 700 N.E. 2d 323 (Ohio 1998), an attorney was suspended from the practice of law for eighteen months, with twelve months deferred, for two shoplifting convictions. The board determined that

4

in light of respondent's prior disciplinary record, a two-year suspension is the minimum sanction that should be imposed here.

Accordingly, the board recommended respondent be suspended from the practice of law for three years. The board also expressed its hope that respondent will seek the services of the Judges and Lawyers Assistance Program. Two board members dissented and would recommend disbarment.

The ODC filed an objection to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b). Respondent failed to file a brief and therefore waived her right to oral argument; however, she did make an appearance on the day of oral argument, and she was permitted to present argument to the court.

**DISCUSSION**

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.

In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions

5

that flow from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

The record in this deemed admitted matter supports a finding that respondent pleaded guilty to two shoplifting charges and failed to cooperate with the ODC in its investigation. In light of this misconduct, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent intentionally violated duties owed to the public and the legal system, causing actual harm. We agree with the hearing committee and the disciplinary board that pursuant to the ABA Standards, the baseline sanction in this matter is disbarment. We also agree with the aggravating factors, and lack of mitigating factors, found by both the committee and the board.

Like the board, we found little guidance from this court's prior jurisprudence addressing similar misconduct. However, the Ohio cases cited by the board are persuasive in suggesting that a suspension is the appropriate sanction. Accordingly, we will adopt the board's recommendation and suspend respondent from the practice of law for three years.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, the brief filed by the ODC, and oral argument, it is ordered that Elise Marybeth LaMartina, Louisiana Bar Roll number 30583, be and she hereby is suspended from the practice of law for three years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

**12/06/17**

**SUPREME COURT OF LOUISIANA**

**NO. 2017-B-0430**

**IN RE: ELISE MARYBETH LaMARTINA**

**ATTORNEY DISCIPLINARY PROCEEDING**

**CRICHTON, J., dissents and assigns reasons**

I disagree with the majority's imposition of a three-year suspension in this matter, as I find respondent's conduct, coupled with her lack of cooperation with and flippancy towards her disciplinary proceedings (a violation of La. RPC Rule 8.1(c) itself), warrants disbarment. The committee and the board in this instance determined the baseline sanction is disbarment, and I find there is scant support for any downward departure from that recommendation. Not only are the aggravating factors in this case serious, but both the committee and the board found zero mitigating factors in respondent's case. For these reasons, I would impose disbarment.