**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Scott,* **Slip Opinion No. 2019-Ohio-5194.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5194

DISCIPLINARY COUNSEL *v.* SCOTT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Scott,* Slip Opinion No. 2019-Ohio-5194.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Conditionally stayed one-year suspension.*

(No. 2018-1435—Submitted September 11, 2019—Decided December 18, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-021.

_____

**Per Curiam.**

{¶ 1} Respondent, Terrence Kensley Scott, of Columbus, Ohio, Attorney Registration No. 0082019, was admitted to the practice of law in Ohio in 2007. In an April 30, 2018 complaint, relator, disciplinary counsel, alleged that Scott engaged in dishonesty, fraud, deceit, or misrepresentation as well as illegal acts that adversely reflect on his honesty and trustworthiness. Specifically, relator alleged

that Scott affixed preprinted Universal Product Code ("UPC") labels for low-cost items onto more expensive merchandise at a Walmart store and scanned the fraudulent labels to purchase items for less than their actual price.

{¶ 2} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors. After a hearing before a panel of the Board of Professional Conduct, the board issued a report recommending that Scott be suspended from the practice of law for six months, all stayed on the condition that he commit no further misconduct. We accept the board's findings of misconduct, but we suspend Scott from the practice of law for one year, fully stayed on the condition that he commit no further misconduct.

## Misconduct

{¶ 3} The parties stipulate that on December 23, 2017, Scott stole multiple items from a Walmart store in Whitehall, Ohio. Before entering the store, he duplicated the UPC labels for low-cost items found in his home. He took those duplicate labels to Walmart and affixed them to more expensive items. Scott then scanned the newly affixed UPC labels at the self-checkout in two transactions and paid a total of $27.35 for items that had an actual value of $367.21.

{¶ 4} A Walmart asset-protection associate noticed that the items Scott had scanned rang up incorrectly and notified a police officer who was working special duty at the store. The officer and the associate observed Scott scan multiple items, including electronics and rugs, that rang up as cheaper food items. After completing his transactions, Scott attempted to exit the store. The Walmart associate stopped him in the store vestibule, recovered the merchandise, and informed Scott that there was a police officer waiting outside. The officer observed Scott leave the store and identified himself as a police officer. Scott turned away from the officer, who then fired his taser, striking Scott in the back. Scott fell and hit his head on the concrete. Officers placed him in handcuffs and, upon searching

him, found more than 100 additional UPC labels. Scott was transported to a local hospital, where he received several stitches before being transported to jail.

{¶ 5} Scott was charged with misdemeanor counts of theft by deception, possession of criminal tools, and obstructing official business. On February 6, 2018, he pleaded guilty to a third-degree-misdemeanor count of criminal mischief. He received a suspended ten-day jail sentence and was ordered to pay a fine of $185. Scott paid the fine, and the case was closed.

{¶ 6} The parties stipulated and the board found that Scott's conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). We adopt these findings of misconduct.

### Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 8} There is just one aggravating factor present—Scott's dishonest and selfish motive. *See* Gov.Bar R. V(13)(B)(2). As for mitigating factors, the parties stipulated and the board found that Scott has no prior disciplinary record, had self-reported his misconduct, had exhibited a cooperative attitude toward the disciplinary proceedings, and had had other sanctions imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(1), (4), and (6). They also acknowledged that Scott had submitted five letters and the testimony of two witnesses with knowledge of his misconduct—all attesting to his good character and reputation. *See* Gov.Bar R. V(13)(C)(5). Indeed, Judge Kim Browne testified that after she offered Scott a job as her judicial staff attorney, Scott disclosed his offense and gave her the

opportunity to rescind the offer. Finding Scott to be forthright and remorseful for his conduct, however, the judge hired him.

**{¶ 9}** The board also noted that Scott had made no attempt to minimize or rationalize his behavior, voluntarily attended several psychotherapy sessions shortly after he committed the theft and later had submitted to an assessment conducted by the Ohio Lawyers Assistance Program—neither of which resulted in findings of any substance-use or mental-health disorders.

**{¶ 10}** Although relator recommended that Scott be suspended from the practice of law for one year, fully stayed on the condition that he engage in no further misconduct, the board recommends that we impose a fully stayed six-month suspension. In reaching that recommendation, the board considered the sanctions we imposed for similar misconduct in three cases: *Cincinnati Bar Assn. v. Moore*, 143 Ohio St.3d 252, 2015-Ohio-2488, 36 N.E.3d 171; *Disciplinary Counsel v. Grigsby*, 128 Ohio St.3d 413, 2011-Ohio-1446, 945 N.E.2d 512; and *Disciplinary Counsel v. Grubb*, 142 Ohio St.3d 521, 2015-Ohio-1349, 33 N.E.3d 40.

**{¶ 11}** In *Moore*, we suspended an attorney from the practice of law for two years, with the second year stayed on conditions, for engaging in a UPC label-switching scheme like Scott's. But prior to his arrest, Moore had used the same subterfuge to steal expensive bottles of wine from the same store on five occasions and had also attempted to walk out of a store without paying for 12 bottles of wine more than ten years earlier. He also had failed to cooperate in the ensuing disciplinary investigation and knowingly made false statements of material fact to the relator. Thus, the board found that Scott's conduct was not as egregious as Moore's.

**{¶ 12}** In *Grigsby*, we found that the attorney violated Prof.Cond.R. 8.4(b), 8.4(c), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), based on her misdemeanor conviction for using an employer-issued credit card for personal expenses over a

period of more than two years. Two aggravating factors were present: a dishonest or selfish motive and a pattern of misconduct. But Grigsby had made prompt restitution to her employer and, like Scott, had no prior discipline, had self-reported her misconduct, and had fully cooperated in the disciplinary process. We suspended her from the practice of law for 18 months, all stayed on conditions.

{¶ 13} And in *Grubb*, we disciplined an attorney who had been convicted of a single misdemeanor count that adversely reflected on her fitness to practice law—namely, complicity to commit workers' compensation fraud for providing money to a client who was receiving temporary-total-disability benefits. Mitigating factors included the absence of prior discipline, payment of restitution, evidence of Grubb's good character and reputation, and the imposition of other sanctions. We found that Grubb's misconduct was not as serious as Grigsby's because Grubb did not violate Prof.Cond.R. 8.4(c) and no aggravating factors were present. Consequently, we imposed a stayed six-month suspension for Grubb's misconduct.

{¶ 14} Scott's misconduct is more serious than Grubb's because Scott engaged in dishonest conduct in violation of Prof.Cond.R. 8.4(c), but his single charged instance of misconduct is not as egregious as Grigsby's misconduct, which occurred over a period of more than two years. Scott also presented mitigating evidence of good character and reputation that was lacking in *Grigsby*.

{¶ 15} Despite finding that this case "falls squarely between *Grigsby* and *Grubb*," the board recommends that we impose the same stayed six-month suspension that we imposed in *Grubb*.

{¶ 16} We agree that the facts in this case fall squarely between *Grigsby* and *Grubb*, and we find that it is analogous to another case cited by the board— *Disciplinary Counsel v. Nass*, 65 Ohio St.3d 160, 602 N.E.2d 610 (1992). Nass had been convicted of petty theft after she was caught placing over $400 of department-store merchandise into a bag containing other purchases. Nass received a suspended 180-day jail sentence and was ordered to pay a fine of $420 and to

perform 100 hours of community service. We found that Nass's conduct violated former disciplinary rules equivalent to Prof.Cond.R. 8.4(b) and (c). We suspended her from the practice of law for one year, fully stayed on the condition that she engage in no other conduct involving moral turpitude, recognizing that she had paid her fine and completed her sentence, had been a valued employee but lost her job in the wake of her conviction, had no significant criminal record, and had independently sought a psychological evaluation and treatment for her behavior.

{¶ 17} Having considered Scott's misconduct, the aggravating and mitigating factors present in this case, and the sanctions we imposed in *Grigsby*, *Grubb*, and *Nass*, we believe that a conditionally stayed one-year suspension is the appropriate sanction in this case.

{¶ 18} Accordingly, Terrence Kensley Scott is suspended from the practice of law in Ohio for one year, fully stayed on the condition that he engage in no further misconduct. If Scott violates the condition of the stay, the stay will be lifted and he will serve the entire one-year suspension. Costs are taxed to Scott.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Lia J. Meehan, Assistant Disciplinary Counsel, for relator.

Terrence Kensley Scott, pro se.

_____